UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00389-FDW-DCK

| | |
|---|---|
| KRISTIN NEESER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAC ACQUISITION LLC; SULLIVAN'S )<br>HOLDING LLC, D/B/A SULLIVAN'S )<br>STEAKHOUSE; AND SULLIVAN'S OF )<br>NORTH CAROLINA, LLC; )<br>)<br>Defendants. )<br>)<br>) | ORDER |

THIS MATTER is before the Court upon "Defendants' Reasserted Motion To Transfer Venue" (Doc. No. 59); "Sullivan's Of North Carolina, LLC's Second Amended Motion To Compel Arbitration And To Either Dismiss, Or Alternatively, To Stay" (Doc. No. 63); and Defendants MAC Acquisition LLC's And Sullivan's Holding LLC, d/b/a Sullivan's Steakhouse's "Amended Reasserted Motion To Compel Arbitration And To Either Dismiss, Or Alternatively, To Stay" (Doc. No. 64), and the Memorandum and Recommendation of Magistrate Judge David C. Keesler. (Doc. No. 76) (hereinafter, "M&R"). For the reasons set forth below, the Court ACCEPTS and ADOPTS the M&R, GRANTS the Motion to Transfer Venue, and DENIES WITHOUT PREJDUCE he Motion to Compel Arbitration or to Dismiss.

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters. 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act requires a district court to make a

1

de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, the M&R, signed May 19, 2022, informed the parties of the time for appeal, noting that "[P]ursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of [the M&R]." (Doc. No. 76, p. 17). The M&R cautioned that failure to timely file objections constitutes a waiver of the right to de novo review and will preclude the parties from raising such objections on appeal. Id. (citations omitted). No party filed an objection to any portions of the M&R, and the time for doing so has long expired.

Accordingly, after a careful review of the M&R, the relevant portions of the record in this case, and applicable legal authority, the Court finds no clear error on the face of the M&R. The M&R's findings of fact are supported by the record, and the conclusions of law are consistent with and supported by current case law.

2

IT IS THEREFORE ORDERED that the Memorandum and Recommendation, (Doc. No. 76), is hereby ACCEPTED and ADOPTED; and Defendants' "Reasserted Motion To Transfer Venue," (Doc. No. 59, is hereby GRANTED. This matter shall be TRANSFERRED to the United States District Court for the Eastern District of North Carolina,

IT IS FURTHER OREDERED that Sullivan's Of North Carolina, LLC's "Second Amended Motion To Compel Arbitration And To Either Dismiss, Or Alternatively, To Stay," (Doc. No. 63), and Defendants MAC Acquisition LLC's And Sullivan's Holding LLC, d/b/a Sullivan's Steakhouse's "Amended Reasserted Motion To Compel Arbitration And To Either Dismiss, Or Alternatively, To Stay," (Doc. No. 64), are DENIED WITHOUT PREJUDICE to be refiled, if appropriate, once this matter is transferred to the Eastern District of North Carolina.

IT IS SO ORDERED.

_Frank D. Whitney_
Frank D. Whitney
United States District Judge